IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| JASON DELANEY, individually and on behalf of all others similarly situated, | : <br> : CIVIL ACTION FILE NO. 1:25-cv-329 <br> : |
| Plaintiff, | : <br> : |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| LEAD FINANCE LLC D/B/A HYPERSPEED LOANS | : **JURY TRIAL DEMANDED** <br> : <br> : |
| Defendant. | : <br> : |

Plaintiff Jason Delaney (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . Private suits can seek either monetary or injunctive relief. *Id.* . . . This private cause of action is a straightforward

1

provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

2. This case involves a campaign by Lead Finance LLC d/b/a Hyperspeed Loans ("Hyperspeed" or "Defendant") to market its services through the use of telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") by contacting numbers that were on the National Do Not Call Registry.

3. The recipients of Hyperspeed's illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA, and because the technology used by Hyperspeed makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff is an individual.

5. Defendant Lead Finance LLC d/b/a Hyperspeed Loans is a limited liability company which is licensed to be a real estate broker in Texas.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331.

7. This Court has specific personal jurisdiction over Hyperspeed because the company is based in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Hyperspeed directed the calls at issue regarding property in this District.

## TCPA BACKGROUND

**A. The TCPA Prohibits Telemarketing Calls to Numbers on the National Do Not Call Registry**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Plaintiff's residential telephone number is (409) 812-XXXX.

16. Plaintiff personally listed his telephone number on the National Do Not Call Registry on March 21, 2025, and has not removed it from the Registry since that time.

17. Plaintiff uses this telephone number for personal, residential, and household purposes.

18. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use this telephone number for business purposes.

19. On April 22, 2025, Plaintiff received the following four (4) missed calls from Defendant on his residential telephone number (409) 812-XXXX:

- (713) 564-0877 at 9:50 a.m.
- (903) 481-3535 at 11:59 a.m.
- (915) 284-7550 at 2:27 p.m.
- (430) 234-0009 at 4:33 p.m.

20. At 5:20 p.m. on April 22, 2024, Plaintiff called back the number (420) 234-0009 to determine the purpose of Defendant's calls.

21. Plaintiff was connected with an individual who identified themselves as a representative of Defendant.

22. Defendant's representative informed Plaintiff that the purpose of the call was to solicit Defendant's loan services to Plaintiff.

23. Plaintiff informed Defendant's representative that he was not interested in Defendant's services and asked that Defendant cease calling him.

24. Nevertheless, on April 25, 2025, Plaintiff received the following calls to his residential telephone from Defendant:

- (832) 490-1855 at 10:22 p.m.
- (817) 508-2808 at 12:51 p.m.
- (214) 997-0885 at 3:03 p.m.

25. On April 25, 2025, Plaintiff answered Defendant's fourth harassing telemarketing call at 5:49 p.m. from the number (979) 321-8419.

26. On this occasion, Plaintiff again explained to a representative of Defendant that he was not interested in Defendant's services and requested that Defendant cease placing solicitation calls to him.

27. However, on April 29, 2025, Plaintiff received another call from Defendant from the number (512) 273-6772 at 4:11 p.m.

28. Plaintiff once again answered this call and explained to Defendant's representative that he had previously informed Defendant that he was uninterested in Defendant's services and wanted to be taken off of Defendant's call list.

29. Defendant's representative assured Plaintiff that he would cease receiving calls from Defendant.

30. Despite Plaintiff's repeated do-not-call requests and Defendant's confirmation that he would cease receiving telephone solicitation calls from Defendant, Plaintiff received the additional persistent calls from Defendant to his residential telephone number (409) 812-XXXX:

- April 29, 2025, at 10:07 a.m. from (713) 564-0819
- April 29, 2025, at 12:17 p.m. from (660) 360-6594
- April 30, 2025, at 11:45 a.m. from (801) 650-9891
- April 30, 2025, at 2:10 p.m. from (281) 697-5551
- April 30, 2025, at 5:04 p.m. from (979) 315-1582
- May 6, 2025, at 12:57 p.m. from (801) 659-8941
- May 13, 2025, at 1:03 p.m. from (435) 337-7677
- May 20, 2025, at 11:14 a.m. from (801) 659-8941
- May 20, 2025, at 4:41 p.m. from (430) 231-4207
- May 27, 2025, at 11:41 a.m. from (469) 225-8478
- May 27, 2025, at 2:07 p.m. from (214) 910-7591
- May 28, 2025, at 12:51 p.m. from (816) 371-3615
- May 28, 2025, at 3:28 p.m. from (314) 403-8552
- May 28, 2025, at 5:52 p.m. from (816) 371-3615
- May 30, 2025, at 10:12 a.m. from (281) 688-8563

- May 30, 20205, at 12:35 p.m. from (435) 295-2850
- May 30, 2025, at 2:59 p.m. from (573) 412-6391
- June 3, 2025, at 12:56 p.m. from (341) 417-8423
- June 3, 2025, at 3:50 p.m. from (281) 688-8563
- June 6, 2025 at 3:40 p.m. from (903) 481-3535

31. Furthermore, Plaintiff answered Defendant's calls on the following occasions and reiterated his do-not-call request:

- May 13, 2025, at 4:57 p.m. from (417) 386-7018
- May 16, 2025, at 11:30 a.m. from (512) 273-6772
- May 27, 2025, at 5:49 p.m. from (512) 273-6772

32. The caller I.D. for each of Defendant's calls displayed "Hyper Speed."

33. Each of these calls was placed to Plaintiff for the purpose of soliciting Defendant's services.

34. Plaintiff and other individuals who received Defendant's telemarketing suffered an invasion of privacy and were harassed by the conduct of Defendant.

## **CLASS ACTION ALLEGATIONS**

35. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

36. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

37. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any interest of the Class members.

6

38. Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

40. This Class Action Complaint seeks injunctive relief and money damages.

41. The Class as defined above are identifiable through Defendant's dialer records, other phone records, and phone number databases.

42. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes the Class' members number, at minimum, in the hundreds.

43. The joinder of all members of the Class is impracticable due to the size and relatively modest value of each individual claim.

44. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant made telemarketing calls without first obtaining prior express written consent;

    (b) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

47. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

48. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### COUNT I
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the Class)

50. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry.

52. Defendant's violations were negligent, willful, or knowing.

53. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

54. Plaintiff and the members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages for each violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 13, 2025

PLAINTIFF,
By his attorney

By: */s/ Leland McRae*
Leland Garrett McRae
State Bar No. 24086374
1150 N. Loop 1604 W, Ste. 108-461
San Antonio, Texas 78248
(248) 420-4042
(210) 493-6080 (fax)
leland@lelandmcrae.com

Anthony Paronich
**Paronich Law, P.C.**
350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

Attorney for Plaintiffs